## NO. 12-23-00226-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY JAMES CHAPPELLE,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Timothy James Chappelle appeals his escape conviction. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro se response. We affirm.

### BACKGROUND

Appellant was charged by indictment with escape while arrested for or charged with a felony offense, enhanced by a prior felony offense.[1] He pleaded "not guilty," and the matter proceeded to a jury trial. At trial, the evidence showed that Appellant was charged with felony criminal mischief and placed in a low-risk detention facility. While in custody at the facility, he tried to kick his way out of his housing unit. Because of Appellant's aggressive behavior,

---

[1] A third-degree felony, enhanced to a second-degree felony, punishable by imprisonment for a term of not more than twenty or less than two years, and a possible fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. §§ 38.06(a)(1), (c)(1) (West 2016); 12.42(a) (West 2019); 12.33 (West 2019).

detention officers cuffed his hands in front of him and placed him in a van to transport him to a facility with single cells. On the way to the facility, Appellant kicked one of the van windows, dove through the opening headfirst, and ran into a residential neighborhood.

Multiple police officers responded to the scene. Upon seeing Smith County Precinct 1 Deputy Constable José Rojas in his patrol vehicle, Appellant tried to elude him by running and breaking into a house. An occupant of the house reached for an AR pistol, and Appellant fled to the house next door. Meanwhile, Rojas radioed his location and gave chase. Other officers joined Rojas, and a citizen alerted them to his location in the second house. Several officers entered the house through the back door, but Appellant exited the front, where Smith County Detention Sergeant Chris Rainer was waiting. Rainer tackled him and deployed his pepper spray after Appellant refused to comply with commands to remain on the ground.

Ultimately, the jury found Appellant "guilty" as charged. Appellant pleaded "true" to the enhancement paragraph, and the jury assessed his punishment at imprisonment for a term of twenty years and a $10,000.00 fine. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel relates that he has reviewed the record and found no reversible points of error. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[2]

In Appellant's pro se response, he complains of (1) evidence tampering, (2) due process and due course of law violations, (3) violations of his right to a fair trial and to call witnesses, (4) ineffective assistance of counsel, (5) *Brady* violations, (6) false imprisonment, (7) unlawful arrest, and (8) false testimony. When faced with an *Anders* brief and a pro se response by an appellant, an appellate court can either (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) determine that arguable grounds for appeal exist and remand the cause to the trial court so that

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

new counsel may be appointed to brief the issues. ***Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We conducted an independent review of the record in this case and found no reversible error. *See **id.*** We conclude that the appeal is wholly frivolous. *See **id.***

## CONCLUSION

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment. We further ***overrule*** any and all pending motions ***as moot***.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-23-00226-CR**

**TIMOTHY JAMES CHAPPELLE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0396-23)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*